Good morning, Your Honors. My name is Walter Shetley. I represent the appellant, Carrie Monte, the original plaintiff, and the manager of the appellant is present, but she's sitting in the second seat to the right of the aisle in the third row, but she's a little bit shy to come to the table. I would, with the Court's indulgence, as I have the burden of persuasion, I would like to reserve a substantial portion of my time for rebuttal. Your Honors, there isn't any serious legal question in this case. The law is clear that a statute or regulation violates the Equal Protection Clause if there's no rational basis for the classification or the discrimination between two classifications of people. In this case, the State's own report, which is in the excerpts of record on page 30, and this was presented by them in their motion for summary judgment, in the third paragraph from the bottom, states that the rule amendment, and that's the rule that we're talking about, has had the illogical effect of specifically allowing residential use in identified flood areas. Counsel, before you get too far down that road, help me with standing and your cause of action. Did you apply for a permanent and were you denied, and then are you making a facial challenge or an as-applied? We are making a facial challenge, Your Honor, and we do not have to exhaust State remedies for that. We don't have to make an application and be denied. Okay, but you do have to establish standing. What is your standing? That the applicant is an owner of land in the limited subzone that does not have any portion of which is in a flood zone. So that under the regulation, as written, would not be their owners in the part of the subzone that is not qualifying for the building, which is not on the floodplain. No floodplain, yes. So their own study says the rule is illogical. Illogical is a synonym for irrational. Irrational is an antonym of rational, therefore there is no rational basis for a rule that allows people to build a house in a floodplain but not elsewhere. Now, I've been having, I think I have a little trouble. Well, there is a rational advance, right, in the case. There, I don't believe their rationale addresses the discrimination that I'm complaining about. No, but there is a rational advance. They say, the judge went through a long analysis of case law that allows states to regulate in conservation districts. I'm not challenging their right to regulate in conservation districts. Mr. Ishikawa's issues that he says are the issues in the case are on page one of his brief. Is there a rational basis for prohibiting single-family residences in the limited subzone of the conservation district? That's not an issue in this case. I can see that there is a rational basis for prohibiting single-family residences in the limited subzone if it's done on an equal, on non-discriminatory basis. But counsel, the case law doesn't really substantiate your position on this, does it? And it's a very low threshold. Yes, I would dispute that. Their bases do not address the discrimination that I'm complaining of. Well, at least one does. The only one that even comes close is the argument that there's less harm in building in a floodplain than elsewhere. No, I was thinking of the one that says, well, one reason we did it this way because we don't want to coordinate what we do with the county. Yes, that's not a rational basis. That's exactly the discrimination that I'm complaining of. Why is that irrational? Because they say that people that have a floodplain get the same treatment as people in the county, but everybody else doesn't get the same treatment. So the only people who get treatment like the county are the people in the floodplain. That's not a rational basis for discriminating. That is the discrimination that I'm complaining about. With due respect, counsel, it seems to me like you're kind of going at this backwards. I mean, our governmental policies are replete with distinctions for, say, veterans or for people with disabilities or for people with whatever. And they've been upheld because there is a basis for favoring or disfavoring one group or another. In this case, they have indicated that they want to accommodate county regulations that have historically allowed for the construction of residences in floodplains and coastal high hazard areas. That's in the record at 26. They also say it's related to the interest because it reflects the extent to which the county building codes can counteract the risk created by natural hazards within the limited sub-zone. And finally, they say that it's rationally related to the legitimate state interest of promoting natural resource preservation. Wouldn't any of these bases be sufficient under the case law to permit the type of distinction made in this instance? These are rational bases for prohibiting residential use. And to do what between owners that have... I'm sorry, maybe we're not communicating. That's the problem I think I'm having in this case. What I thought I said was that the case law permits, you call it discrimination, they call it distinction, but the fact is you're treating people differently for certain reasons. And the case law substantiates when the government is doing this. All the government has to have is a rational basis for making the distinction. That is to treat individuals differently from one another. I've just read three of them that they have cited, any one of which arguably could be sufficient to justify this. I'm asking you to give me any case law or any reasoning as to why your position is sustainable under the case law. I'm not arguing case law. I'm arguing that... We rely on a case law a lot. Yeah, but I'm not just arguing the case law. I'm not challenging their right to regulate. I'm just saying they should be regulating fairly and equally between groups of people that are similarly situated. Now, I'm talking about people that are owners of limited subzone land. Some of them are allowed to build houses and some of them aren't. And the only difference between the ones that are allowed to and not allowed to is some of them have floodplains and some of them don't. Now, there's two bases. I challenge this rule is once they allow houses to be built in floodplains, they have to say why they aren't allowing houses to be built being built elsewhere. Isn't the burden on you? No, they have... First, they said no houses. And then they said, okay, in order to create parity with county, we're going to allow them over here in the floodplain. But they don't allow parity elsewhere. Now, and the other discrimination is that they allow park use, which could be more burdensome to the environment than the residential use. Now, one thing I'd like to make clear... I'm running already out of my... What did I want to reserve? But I would like to direct the court's attention to pages 30 through 35 of the excerpts of record. This is... These are parts of this report right here, which is a discussion draft. And these are consecutive pages of that report. This is a study done by the Department of Land and Natural Resources. And this portion that is here discusses the limited subzone. And you need to know that page 45, which is on 32 of the excerpts, for section 6.23, eliminate the limited subzone. And the next page is 33. This is a chart that's in the report. And it continues on to page 47. So the bottom of 32 reads over to the top of 34. And basically they're saying the entire limited subzone is a violation of equal protection. It's... If you read through this whole thing and they're... It's not consistent on page 34. It's not effective on page 34. If the rule is not consistent and not effective, it doesn't promote the purpose of the challenge. You still need to offer evidence in the record to establish the discrimination. Now your evidential... evidentiary offering is the report primarily, as well as the language, of course, of the regulations themselves. Is there anything else? That's it. Now, I just would like I would just like to make one hypothetical before and then reserve. But suppose... suppose a corporation owns some limited subzone land and they wanted to do a park for their employees. And they came in with a plan and they want to build three... six cabins, small cabins. And they got it all through all the requirements. It's environmentally friendly. There's no negative effect on the environment. It's approved as a park. Then suppose they sell the property and a family buys it and they say they move in and they want to use those six cabins as a residence. Now the enforcement officers come over and lay some citations on them. It's illegal. You cannot use this same structure. Nothing changed except now it's a single-family residence. Cannot use it as a single-family residence. Which of the two uses is going to create more burden on the environment? You're going to have six cabins with say three to four or five people per cabin. That's maybe 15 to 25 people coming and going. Or you're going to have a family of three or four people. With respect, I think you're missing the point here. It's our burden to apply the law. The law has been developed through cases over time. The cases, particularly the ones with the United States Supreme Court and the ones which we're bound by, the Ninth Circuit cases, make it very logical to me. I don't think it's very logical and here's somebody else that says the same thing. That's not what we're governed by. May I just finish my hypothetical? Alright, so they get cited because they're using it for an illegal purpose as a residence. Then it's only legal if those cabins were in a floodplain. If those cabins were in a floodplain, they could be used as a residence. If they're not in a floodplain, they cannot be used as a residence. This, Your Honors, I submit is just completely, totally arbitrary and capricious. This regulation does nothing to advance the purpose of the conservation and it's just totally General Randall Ishikawa on behalf of Laura Thielen and the members of the Board of Land and Natural Resources, State of Hawaii. The appellant wants this court to allow single family residences anywhere in the limited subzone of the conservation district. Legal issues before this court are whether there is any rational basis for the exception that allows single family residences in the floodplain or coastal high hazard areas. And number two, if there is no rational basis for the law, is the remedy requested by the plaintiff available? For a matter of background, very briefly, in Hawaii law is classified as being either urban, rural, agricultural, or conservation. Conservation district lands contain important natural resources essential to the preservation of the state's fragile ecosystem. The state is thus required to conserve, protect, and preserve these natural resources through appropriate management and use to promote their long-term sustainability, public health, safety, and welfare. The board, which is an agency of the state, has been entrusted with regulating uses within the conservation district and, by rule, created subzones within the conservation district. These are protective limited resource, general, and special subzones, and they've imposed use restrictions for all of these subzones. The limited... Counsel, this is typical of almost every zoning ordinance, isn't it? It's a different location, but there are permitted and non-permitted activities within every subzone and every zoning code of every governmental entity in the United States, isn't it? That's correct, this is nothing new. Nothing new. What is the, alright, and what is your strongest, let's say, justification as a rational basis for the distinction that's made here? We've to be consistent with the conservation district statute. We're protecting the environment and allowing, in the limited subzone, very limited construction of single-family homes in areas where it would potentially cause the least harm. But how does that, how does that reason, which may be a good reason, as your opponent says, how does that reason distinguish between the floodplain and, you know, the rest of the zone? The floodplain and coastal high-hazard areas? Yeah. Allowing construction in those areas really is bad for human habitation. I mean, you're subject to flood, you're subject to a high wash of the waves or tsunami inundation. I was quite surprised, frankly, to see an exception which permits building in a floodplain. Yeah. Most of the boats in the zone. So why do you permit it there and not permit it elsewhere in that limited subzone? Because there's less chance for harm to environmental or ecological resources in that area. If a flood comes down, the house is gone. Everything in that floodplain gets washed away. That's harm to human habitation, human structures, not necessarily to the environment. The steep slope areas, by contrast, are subject to erosion, and if you have construction of single-family residences and roads leading to them, you're going to have more problems there. And let me clarify, just because the parcel is in the floodplain or coastal high-hazard area doesn't mean that the applicant would automatically have the right to build there. Under the rules established by the board, there would be a and obtain a discretionary permit from the Board of Land and Natural Resources. The board still has power to regulate within the coastal high-hazard area and the floodplain. They may or may not approve a single-family residence in that area. They will go through a public meeting, public hearing on that, and determine whether there are any resources that would be harmed and could very well say no. Counsel, will you address the correlation between what your body is doing in the county and similarly situated land? Yes. The county's, well let me back up, the Conservation District, the current statute is a 1994 statute. Earlier, there was an earlier form of the Conservation District statutes. Prior to the Conservation District being established, the and in certain of these areas, and I think they're mentioned in the discussion draft, Haena and Mokuli on this island, and Haena is on Kauai, allowed, the county had allowed building in these types of floodplains, coastal high-hazard areas. And the state, in enacting the Conservation District laws, would have grandfathered in existing non-conforming uses, houses that were built in those areas. The state, in enacting this exception to the no houses in the limited subzone rule, did look up or look at the existing landscape and say, well if we've allowed, or the counties have allowed, homes in this area, and they're going to be right next door to other lots which don't have homes on them, maybe we ought to consider letting them put a single-family residence on that type of a lot, because we still have the power to regulate. If there's an endangered plant or a threatened species on that lot, we can say no. If there's other reasons to prohibit construction, they can't say no. But that's where the pre-Conservation District homes in the Conservation, what became the Conservation District limited subzone, were generally built. And that's the type of line drawing that the agency and legislature entered into in creating these rules. And the county properties of this nature are all now legally non-conforming, is that correct? The ones that are currently, yes. So that, while they were able to do it at one point, they can no longer, they can keep what they've got. If they can't change that, I suppose you get a variance of some kind. But other than that, they're legally non-conforming, they can't change it. That's correct. So those are the, what we consider to be rational bases for this rule. The state has a duty to protect the natural resources. The state also has a concurrent duty to look out for public safe health, public health, safety, and welfare. And they're doing that part of the function in connection with the county regulations, the National Flood Insurance Program and the Building Permit Programs that the counties have. So, to recapitulate then, it was all a part of the county at one point, the county allowed this. The state formed the new Conservation District. The county property that had previously been built on became legally non-conforming, so you couldn't make changes on that. In order to make certain that there were none, no new entrance into this area, that's why you adopted this regulation. Is that a fair statement? Yes, that's correct. So we, in summation, we believe that there is a rational basis for both the rules saying no construction in the limited sub-zone of single-family residences, and for the exception that only allowed it in the coastal high habitat area and floodplain. One issue that wasn't raised in an oral argument yet by the plaintiff, but was raised in the briefs, was whether the remedy requested striking the portions of the exception that allow building only in the coastal high habitat. The severance issue. Yeah, the severance issue. The state, again, reiterates its position that the objectives of the Conservation District are really to protect the environment and to limit human activity in the limited sub-zone. The remedy requested by the plaintiff, or the appellant in this case, to be allowed to build houses anywhere within the limited sub-zone is contrary to the legislative and administrative scheme, and we respectfully request that the court deny the remedy. Thank you, counsel. Thank you. Mr. Shetley, you have some reserve time. First, I would like to address this non-conforming news question that you raised. I disagree. You disagree with what? I disagree with his answer. There were two areas, when they created the district, there were two areas where there were subdivisions already existing in floodplains. That was the two areas that he mentioned. They would have been permitted to continue to exist as grandfathered, no matter what. So they're not non-conforming? They were non-conforming. When they originally established the district, they were non-conforming and could have continued to exist as grandfathered, but if they were torn down, they couldn't be rebuilt, and further additions and other houses and so forth could not. But when they made the amendment, they said, we're going to treat everybody the same and we're going to allow people to build in floodplains because we already have so many houses that are already built in floodplains. We're going to let them be built everywhere to create parity. We're not going to discriminate between people inside the district and outside the district, but they only created parity for people in the floodplains. They didn't create parity for people that aren't in the floodplain. And outside in the counties, they allow houses to be built outside floodplains too. They allow houses to be built on slopes. I understand that, but in this particular instance, your burden is to show that, backed up by some case law or a statute or something that we can rely on that shows that that distinction that you just highlighted, it's so irrational that there's no basis on which it can be relied. And I think you've indicated to Judge O'Scanlan that this is a facial challenge that you're making. I think it's so, I mean, it's so outrageous. I mean, just to me, it just seems, I mean, absolutely outrageous that they're doing such a thing. I mean, if you're, and he keeps saying that the reason for this rule is consistent with the conservation statutes. It is not consistent. If they were consistent with the conservation statutes, they would have said, no, houses are not permitted. They're allowing houses. That's inconsistent with the conservation statute. And I'm saying, if they're going to allow it over here, you've got equal protection, says you've got, why can't you allow it here? They say we allow it here because there's other regulations that protect against damage to the houses and so forth. Well, there's other regulations that protect and property and people. Well, there's other people in volcano areas. There's, and steep slopes and landslide areas, all these other things. If they wanted to say that building on steep slopes is dangerous to the environment, then they should say, you can't build on steep slopes. I compliment you for your passion, but I wish you had some case law. How can I have case law? This is so outrageous. Nothing like this. Whoever heard of such a thing as saying you can build in a floodplain, but you can't build it somewhere else. Now, the other example that I tried to give is, suppose you have a 10-acre parcel and it's in the volcano district area, so it comes into the limited subzone. And nine of those acres are also steep slopes, and nine of those acres are also landslide areas. Nine acres are subject to erosion. Nine acres are in the floodplain. You could build a house in the floodplain, but you couldn't build a house on the area that's not in the floodplain, not in the steep slope, not in the erosion area. The only place where the house would not affect the environment would be the area where it's prohibited under this rule. That does not in any way advance the conservation
judges: O'scannlain, Tashima, Smith